DUNCAN KENNEDY v. THOMAS H. DAWSON.

*Chattel mortgage—Failure to file—Replevin—Assignment for benefit of creditors—Judgment—Priorities.*

After mortgaging his stock of goods to secure a *bona fide* debt, a merchant made a general assignment for the benefit of his creditors. The assignee took possession of the goods, and they were replevied by the mortgagee. On the trial it appeared that the mortgage was withheld from record for 70 days, during which time the mortgagor purchased goods on credit from parties who were ignorant of its existence. And it is held that the rights of the several parties can be worked out in the replevin suit, and are as follows:

*a*—The assignee is entitled to the possession of the property as the representative of creditors who became such, or who extended an existing credit, after the making and before the filing of the mortgage, without knowledge of its existence, in the absence of a tender by the mortgagee of the amount of their claims.

*b*—On waiving a return, the assignee is entitled to a judgment for the value of the property, less the lien of the mortgagee, to be ascertained by deducting the amount of said claims, and of the claims of any others who have been prejudiced by the delay in filing the mortgage, from the amount found due on the mortgage.

Error to Marquette. (Stone, J.) Argued April 6, 1893. Decided June 16, 1893.

Replevin.    Both parties bring error.    Reversed.    The
facts are stated in the opinion.

*Hayden & Young,* for plaintiff.

*E. E. Osborn,* for defendant.

MONTGOMERY, J.   On the 12th day of October, 1891, one·
Dennis McCarty, who was engaged in business at Ishpeming,.
gave a chattel mortgage to plaintiff, in the sum of $3,500,.
covering the stock then in his store, and all additions to·
the stock.   The mortgage was withheld from record until
December 22, 1891, when it was duly filed.   January 25, 1892,
McCarty made a general assignment to the defendant, who
took possession, and advertised the stock for sale.   Febru-
ary 18, 1892, Kennedy demanded possession, and, on the
refusal of the assignee to deliver the goods into his pos-
session, brought the present action of replevin, claiming
the right to possession under the insecurity clause of his
mortgage.   It appears that McCarty continued to buy
goods, and made purchases to the amount of $1,057.87,
after the giving of the mortgage, and prior to its filing.
On the trial the jury found that there was no fraud in
fact in the making of this mortgage; that the value of the
goods replevied was $3,936.53; that the amount of plaint-
iffs mortgage was $3,633.58; that creditors for goods sold
the mortgagor after the making of the mortgage, and
before its filing, held claims to the amount· of $1,057.87;
and thereupon the circuit judge ordered judgment to be
entered for 6 cents damages and costs in favor of plaintiff,
and for the defendant, for a special lien for the amount
of $1,057.87.   Both parties bring error.

The plaintiff contends that the lien of the creditors can-
not be greater than is necessary for the protection of those
who sold goods to McCarty after the making of the mort-
gage, and before it was filed, and whose debts remained

unpaid; and it is claimed that the evidence shows that a portion of these goods were paid for by plaintiff, or purchased by him, before the trial of this case.    On the part of the defendant it is contended that the rights of the parties cannot be worked out in this proceeding; that under the general assignment law, there being no action permitted on the part of individual creditors to attain or assert their rights in preference to other creditors equally unsecured, the general assignee must hold the goods which have come into his possession until such rights have been determined in proceedings taken under the assignment law itself, and that otherwise such creditors would be without remedy.    In part, this contention is correct.    But we think there is no difficulty in holding that there is a party before the court who can amply protect the rights of all the creditors.    The assignee is the representative of all the creditors, including those whose rights were injuriously affected by withholding the mortgage from record.    As a representative of such creditors, he had the right to retain possession for their protection.    We find, on examination of the record, that there was evidence tending to show that a portion of the indebtedness for which the defendant was given a lien had become the property of the plaintiff. This evidence was doubtless overlooked by the circuit judge, as it cannot be that the defendant can enforce against the plaintiff a lien on account of a debt due the plaintiff himself.    We think, however, the defendant is right in his contention that when this suit was instituted he was entitled to possession, as against the plaintiff, as a representative of the creditors as to whose claims the mortgage was void, and that, therefore, the general verdict should not have been for the plaintiff, but for the defendant.

Can the rights of the parties be worked out in this replevin suit?    And, if so, what should be the form of

96 Mich.—6.

the judgment? The deed of assignment transferred to the defendant the general title of the goods, subject to the plaintiff's lien, and, in addition to this, a lien on the property, as a representative of the special class of credit-ors, which lien was entitled to precedence over that of the plaintiff. Furthermore, this right of these creditors extends further than this. It is clear that they may elect to proceed against that part of the property which would be essential to satisfy the plaintiff's debt, and the result must be, therefore, the reduction of the plaintiff's lien by so much as their claims entitled to priority amount to. If this were not so, then the general creditors would find their funds reduced by the amount of the newly-established lien in favor of these special creditors. This would be manifestly unjust to the unsecured creditors, and should not be permitted. The mortgagee, being in fault, must bear the loss. In *Root & Co. v. Harl*, 62 Mich. 423, the rule of distribution was established. It was there held that the special class of creditors, standing in the relation occupied by the special creditors whose rights are involved in this case, were entitled to take the place of the mort-gagee to the extent of the amount of their claims, and that the mortgage was therefore entitled to preference only to the amount of the balance due after deducting the claim allowed to the preferred creditors. This being so, the rights of the parties to this suit are these:

1. The plaintiff having failed to tender the amount of the special lien for the protection of which the assignee, as a representative of the special creditors, was entitled to hold possession of the property, the defendant is entitled to a general verdict, and to costs of the court below.

2. The defendant, having waived a return of the goods, is entitled to a verdict for the value of the property, less the plaintiff's lien, which is entitled to priority over the general creditors.

3. The amount of the plaintiff's lien which is entitled to priority over the general creditors will be ascertained by deducting the amount of the claims due the creditors who have either extended credit, or the term of credit, after the making of the mortgage, and before the filing, as well as the claims of any others who have been prejudiced by the delay, from the amount found due on his mortgage.

It may be added, while not necessary for a determination of this case, that, as to any indebtedness due to the plaintiff not realized by these proceedings, he would be entitled to seek, and may have, his remedy on the general distribution of the funds by the assignee.

The judgment will be reversed, and a new trial ordered. Neither party will recover costs in this Court.

The other Justices concurred.