BOEHMER v. HERLING.

1. APPEAL AND ERROR—QUESTIONS NOT RAISED ON TRIAL NOT CONSIDERED ON APPEAL.

Questions not shown by record to have been raised in trial court ought not to be considered on appeal.

2. JUDGMENT—COLLATERAL ATTACK—CREDITORS' SUITS.

In judgment creditors' bill to reach assets of husband held by wife, judgment of creditor is not open to collateral attack.

3. WITNESSES—HUSBAND AND WIFE—WIFE'S ATTORNEY MAY WAIVE BENEFIT OF STATUTE.

Married woman's attorney may expressly waive benefit of statute (3 Comp. Laws 1915, § 12555) forbidding husband from being examined as witness for or against his wife without her consent.

4. FRAUDULENT CONVEYANCES—CREDITORS' SUITS—HUSBAND AND WIFE—PROPERTY IN WIFE'S NAME.

Where, in judgment creditors' bill to reach husband's property held in wife's name, evidence shows that considerable accu-

mulations of earnings or profits of husband were used with those of wife to acquire property in wife's name, decree of court below in favor of judgment creditor for part of claim is affirmed, on appeal, although evidence showing how much of husband's money was so used is not very definite.

Appeal from Macomb; Reid (Neil E.), J. Submitted June 11, 1929. (Docket No. 142, Calendar No. 34,373.) Decided December 3, 1929.

Bill by William J. Boehmer, assignee of Augustus C. Stellwagen, against Otto Herling and Frieda Herling to reach certain property alleged to have been transferred in fraud of creditors. From a decree for plaintiff for less than the amount claimed, both parties appeal. Affirmed.

*Lynch & Hinks,* for plaintiff.

*William H. Shiek* (*Lungerhausen, Weeks, Lungerhausen & Neale,* of counsel), for defendants.

SHARPE, J. This is a judgment creditor bill filed to reach assets belonging to the judgment debtor Otto Herling and held by Frieda Herling his wife. Plaintiff had decree for part of the amount claimed. Both sides have appealed. At the time of incurring the obligation which was placed in judgment, the defendants owned a valuable piece of land as tenants by the entireties. Later in an effort to be more secure against creditors of Mr. Herling the property was conveyed to the wife. Since then other lands have been acquired in the name of the wife, the accumulations from earnings or profits of the husband as well as those of the wife being used for the purpose. Plaintiff's claim is nearly $3,000. The decree is for $1,320.

The record does not show that many of the questions argued here by defendants were raised in the trial court, and therefore they ought not to be considered here. A motion to dismiss was made by defendants, but we do not find that it was called to the attention of the court.

A large part of defendants' unnecessarily large brief is devoted to a collateral attack on the judgment of the creditor. It is not here open to such attack. 34 C. J. p. 522.

It is urged that the fraudulent conveyance act, Act No. 310, Pub. Acts 1919, invoked here, is not applicable for the reason, as counsel contends, that the act was not effective when the judgment was entered, on November 12, 1919, and there is much argument that the act is not retroactive. Counsel is mistaken in dates. The act took effect August 14, 1919.

Counsel for plaintiff called Mr. Herling for cross-examination and questioned him at length. Mr. Shiek, counsel for both defendants, then cross-examined. The witness was recalled for further and lengthy examination by counsel on both sides. The witness was interrogated also at some length by the court. Thereupon, plaintiff having rested, counsel for the defendants for the first time raised the question that the husband was not a competent witness, saying:

"I move to strike out all the testimony of Otto Herling, the husband, who was called as a witness here against the wife without the wife's consent. That consent was not asked; the statute is explicit on that; it cannot be waived. Not unless by the wife's express consent. He is not a competent witness."

The motion was not granted. Counsel relies on *Turner* v. *Davidson,* 227 Mich. 459, and 3 Comp. Laws 1915, § 12555. If it be conceded that the husband could not testify here without consent of the wife, and that her presence in the court-room and the examination conducted to conclusion without objection are not equivalent to consent, the question still remains. Early in the cross-examination the following:

"*The Court:* Let me understand. Maybe I will understand it if I may examine the witness. I am not to examine him without your consent.

"*Mr. Shiek:* Go ahead."

Thereafter the court questioned the witness, the husband, at length, covering the matter material to the issue. Mr. Shiek was counsel for the wife. He could waive expressly for his client the benefit of the statute, which he did, at least respecting the testimony brought out on questioning by the court. *Fitzgerald* v. *Garson Productions,* 221 Mich. 88.

The competent evidence to show the amount of the accumulations of earnings or profits of the husband turned over to the wife is not very definite, but doubtless it is as definite as it could be made. It is certain that in all a considerable sum was turned over to her. In the state of the record we are not moved to change the amount decreed by the trial court.

No other question merits discussion.

On the authority of *Morse* v. *Roach,* 229 Mich. 538, the decree is affirmed, without costs.

NORTH, C. J., and FEAD, WIEST, and POTTER, JJ., concurred. CLARK and McDONALD, JJ., did not sit. The late Justice FELLOWS took no part in this decision.