VIGO AMERICAN CLAY CO. *v.* L. C. MONROE CO.

1. PLEADING—DEFENSES NOT PLEADED NOT CONSIDERED—APPEAL AND ERROR.
   In an action for purchase price of certain tile, defenses of satisfaction clause of contract and of release or termination of contract by mutual agreement, are not considered on appeal, where not pleaded.

2. SALES—RIGHT TO REJECT FOR DEFECTS—QUESTION FOR JURY.
   In action for purchase price of certain tile, where defense was rightful rejection because of defects in workmanship and material, contradictory testimony as to quality presented question of fact for jury.

3. SAME—PASSING OF TITLE ON DELIVERY TO CARRIER—INSPECTION.
   Where seller shipped tile according to contract, which buyer ought to have accepted, title passed to buyer on delivery to carrier, although contract provided for inspection by buyer, and although seller, after rejection by buyer, took tile and stored it for buyer.

On what constitutes a sufficient delivery to transfer title to property sold, see annotation in 26 L. R. A. (N. S.) 27.

As to effect of delivery to carrier on buyer's right to reject for lack of quality, see annotation in 8 L. R. A. (N. S.) 1167.

As to what constitutes delivery of goods to carrier, see annotation in 10 A. L. R. 701; 20 A. L. R. 1236.

4. Same—Rejection—Remedy of Seller—Damages.

Where buyer rejected tile which should have been accepted because it conformed to contract, and title to which passed to buyer, seller, who took possession after its rejection, and stored it for buyer, is entitled to recover contract price and cost of freight, cartage, etc.

5. Appeal and Error—Evidence—Harmless Error.

Error, if any, in admission of evidence, *held*, not reversible, in absence of showing of prejudice on account thereof.

6. Same—Curing Error—Instruction.

Error, if any, in admission of evidence relative to magnitude of plaintiff and its business, *held*, not prejudicial, in view of clear and positive instruction to jury to disregard it.

Appeal from Muskegon; Vanderwerp (John), J. Submitted June 16, 1932. (Docket No. 14; Calendar No. 36,475.) Decided December 6, 1932.

Assumpsit by Vigo American Clay Company, a corporation, against L. C. Monroe Company, a corporation, for the purchase price of a quantity of building tile. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Harold H. Smedley,* for plaintiff.

*Alexis J. Rogoski,* for defendant.

Clark, C. J. Plaintiff shipped, on defendant's order and by common carrier, several carloads of standard wall tile. Defendant began delivering to its customer, a builder on a job. The architect in charge refused using the tile in the building. Defendant, in a letter to plaintiff, in effect, refused the tile, stating, "they are irregular in shape, cells broken and cracked, workmanship very imperfect," and asking to be advised "what you wish us to do with these tile." To the declaration in this suit for

the price and for certain disbursements, defendant pleaded the general issue, with notice thereunder of rightful rejection under the contract because of defects in workmanship and material. Plaintiff had verdict and judgment. Defendant has appealed.

Two other defenses are here attempted, both in avoidance of the contract, one a satisfaction clause of the contract, and other release or termination of the contract by mutual agreement. Neither of these defenses was pleaded and therefore they call for no further consideration. *Cleveland* v. *Rothschild,* 132 Mich. 625.

On the issue of quality of the tile, evidence was adduced by both sides. It is contradictory and made the question of fact for the jury which was properly submitted and the verdict is not open to criticism.

In instructing of damages, plaintiff was permitted to recover the purchase price and the total of certain disbursements for freight, cartage, etc., incurred by reason of defendant's refusal to accept the tile. Appellant contends in respect of the tile the proper measure of damages is as upon breach of contract for the difference between the contract price and the market price.

It is established by the verdict that plaintiff shipped tile according to contract and which defendant ought to have accepted. The record is that the property in these tile passed to the buyer on delivery to the carrier and this is true although the contract provided for inspection by the buyer (*Dow Chemical Co.* v. *Detroit Chemical Works,* 208 Mich. 157 [14 A. L. R. 1200]), and although plaintiff, after rejection by defendant, took the tile and stored it for defendant (*Meagher* v. *Cowing,* 149 Mich. 416). In the latter case it was held, quoting syllabus:

"Defendant ordered of plaintiff ten cars of crushed stone, which plaintiff shipped consigned to

himself, and ordered the carrier to deliver to defendant. The cars were placed at defendant's order and after several days defendant learned that the stone was not suitable for the purpose for which he ordered it, and canceled the order. Plaintiff reshipped the stone to his place of business and sued for the price. *Held,* that on delivery of the stone, which conformed to the contract of sale, to defendant, the title passed to him, and that plaintiff had a right to retain the property for defendant and sue for the contract price and the necessary expense of removing same from defendant's custody.''

See: *National Cash Register Co.* v. *Dehn,* 139 Mich. 406; Williston on Sales (2d Ed.), § 561.

Pages of a publication relative to standard tests of load-bearing tile were received in evidence ''for the present,'' with invitation by the court to counsel to produce authority on the subject. While the court's attention appears not again to have been called to the matter, we decide the point on the ground that even if admitting the pages were conceded to be error, the record is wholly barren of showing of prejudice on account thereof.

Some testimony relative to the magnitude of plaintiff and its business was received. If this were conceded to have been admitted improperly, still, we must decline to find prejudice, in view of the clear and positive instruction to the jury to disregard it. And the same is true of some remarks of plaintiff's counsel urged as prejudicial.

On review of the whole case, we find no error requiring reversal.

Affirmed.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.