AUCH v. WASHTENAW COUNTY SHERIFF.

1. APPEAL AND ERROR—QUESTION RAISED FOR FIRST TIME IN SUPREME COURT.

In action of replevin against sheriff for goods plaintiff claimed under a chattel mortgage, defense that mortgage was void because not signed by mortgagor's wife, which had not been made in trial court, came too late where raised in Supreme Court for first time.

2. CHATTEL MORTGAGES—CONSIDERATION—INDORSEMENT OF NOTES.

A mortgagee's liability as indorser of notes given by mortgagor is sufficient consideration for giving a chattel mortgage.

3. SAME—CONSIDERATION—ANTECEDENT LIABILITY.

The validity of consideration for giving a chattel mortgage is not affected by the fact that the mortgage was given to secure an antecedent liability.

4. BILLS AND NOTES—PAYMENT—RENEWAL.

Generally the giving of renewal notes in lieu of others past due and upon which no payment has been made is not payment of the original notes, even though the original notes are surrendered.

5. CHATTEL MORTGAGES—EXECUTION—FILING—OTHER CREDITORS—
REPLEVIN.

> Chattel mortgage, executed prior, but filed subsequent, to giving
> of original notes under judgment on renewals of which sheriff
> levied on mortgaged property, *held,* void as against such judg-
> ment creditor, hence replevin by mortgagee will not lie.

Appeal from Washtenaw; Sample (George W.), J. Submitted April 18, 1939. (Docket No. 117, Calendar No. 40,531.) Decided June 5, 1939.

Replevin by George W. Auch against Jacob B. Andres, Washtenaw County Sheriff, to recover chattels levied upon. Suggestion of death of plaintiff. Sophie Auch, administratrix of the estate of George W. Auch, deceased, substituted as party plaintiff. Judgment for plaintiff. Defendant appeals. Reversed without new trial.

*Harold D. Golds,* for plaintiff.

*Wilfrid L. Burke,* for defendant.

POTTER, J. This is an action in replevin originally brought by George W. Auch, November 9, 1934, to recover personal property levied on by the sheriff of Washtenaw county, October 26, 1934, under an execution directed against the property of Victor Berkich. The cause was tried September 9, 1935, resulting in judgment for plaintiff, but a new trial was granted. Before the second trial, George W. Auch died and Sophie Auch, his administratrix, was substituted as plaintiff. The second trial occurred August 12 and 13, 1937, by the court without a jury.

Plaintiff based his right to recover upon a chattel mortgage between Victor Berkich, as mortgagor, and George W. Auch, mortgagee, securing the sum of

$3,500 and covering "all of the personal property, including machinery, farm equipment, livestock and farm products now on the farm of Victor Berkich," in the township of Saline, Washtenaw county, the same property levied upon.

The mortgage was dated April 27, 1932, but was not filed until January 11, 1933, when it was filed with the Saline township clerk. Renewal was filed with the register of deeds of Washtenaw county, October 12, 1934. It was not filed outside of Washtenaw county. The mortgage was signed by Berkich alone. His wife did not join in its execution.

The promissory note referred to in the mortgage was not produced at the trial, but Allen Devine, an attorney, testified that one was executed. There was testimony the note referred to in the mortgage was lost.

The $3,500 debt referred to in the mortgage was made up of loans by the George W. Auch Company, a copartnership, to Berkich, a partner in the firm. These loans were evidenced by promissory notes and their renewals, and an open account owed by Berkich to the firm in the amount of $105.65. The notes, which totaled $3,350, plus accumulated interest, made to the George W. Auch Company, as payee, by Victor Berkich, as maker, bore the indorsement of the partnership and George W. Auch, personally, or of Fred Auch, son and copartner of George W. Auch, individually and as attorney for his father. It is claimed the $3,500 mortgage in question was given to George Auch to protect him on his obligation as indorser on these notes.

The open account of $105.65 does not appear to have been assigned to George W. Auch, personally. It is contended if there was any consideration for the execution of the mortgage, it was not sufficient under 3 Comp. Laws 1929, § 13395 (Stat. Ann.

§ 26.884), to bar the rights of Luko Cuckovich, Berkich's creditor, and that the mortgage was fraudulent and void as to him.

On the trial of the case, Cuckovich introduced in evidence two judgments against Berkich, recovered August 6, 1934, in the common pleas court of the city of Detroit and removed by transcript to the Wayne county circuit court, October 24, 1934; and introduced testimony to show there was still due on the judgments the sum of $368.37 and $159.62, respectively, aggregating $527.99, with interest from October 24, 1934. It was claimed this was the amount of the special interest of Cuckovich in the goods replevined. The goods listed in the declaration were valued at $613.80.

Cuckovich's judgments were based upon two notes, dated August 19, 1933, and August 24, 1933, respectively. These notes were given to supplant notes given in 1932, on which no payments had been made. Appellee contended, and the trial court found, the second set of notes constituted payment of the original notes. Appellant insists the new notes only effected a renewal of the original obligation. The original notes were given prior to the filing of the chattel mortgage, the second set afterwards.

Defendant submits for the first time in this court the theory that plaintiff's showing of title is insufficient because the testimony of Victor Berkich indicates the chattels covered by the mortgage were owned jointly by Mr. and Mrs. Berkich, and since Mrs. Berkich did not sign the mortgage, it is void as to her. Not having made such a claim in the trial court, it is too late here for defendant to raise this question. *Nagle Engine & Boiler Works* v. *M. Mitshkun Co.,* 233 Mich. 561; *Boehmer* v. *Herling,* 248 Mich. 380; *City of Kalamazoo* v. *Perrin,* 194 Mich. 484; *Willox* v. *Townsend,* 245 Mich. 632; *Ketchell* v.

*Keene,* 171 Mich. 108; *Briggs* v. *City of Grand Rapids,* 261 Mich. 11; *Vigo American Clay Co.* v. *L. C. Monroe Co.,* 260 Mich. 462; *Rodal* v. *Crawford,* 272 Mich. 99.

The decision of the trial court that "the mortgage offered by the plaintiff was a valid instrument given for a good and valuable consideration and that there was no fraud committed in connection therewith," and that Auch's residence was in Saline township, is adequately supported by the facts. While there is no evidence the open account of $105.65 owed by Berkich to the partnership was ever assigned by the partnership to George W. Auch, or that Auch ever paid or guaranteed payment of this account, it is admitted George W. Auch was an indorser on Berkich's notes in the amount of $3,350, plus interest. This liability as indorser was sufficient consideration for the mortgage. *Louden* v. *Vinton,* 108 Mich. 313; *Meech* v. *Citizens Ins. Co. of Missouri,* 147 Mich. 343. The validity of consideration is not affected by the fact that the mortgage was given to secure an antecedent liability. *Lee State Bank* v. *McElheny,* 227 Mich. 322; 41 C. J. p. 386.

The general rule is that renewal notes given in lieu of others past due, upon which no payment has been made, is not payment of the original notes, even though the original notes are surrendered. *Molsons Bank* v. *Berman,* 224 Mich. 606 (35 A. L. R. 1289); *McMorran* v. *Murphy,* 68 Mich. 246; *Gladwin State Bank* v. *Dow,* 212 Mich. 521 (13 A. L. R. 1233); *Allen* v. *Hillman,* 215 Mich. 312; *Klingensmith* v. *James B. Clow & Sons,* 270 Mich. 460. Plaintiff still has all the rights which George W. Auch had at the time the original notes were given. The original notes were given subsequent to the execution of the mortgage, but prior to its being filed. The mortgage is void as to Cuckovich. *Fearey* v. *Cummings,* 41 Mich. 376; *Kennedy* v. *Dawson,* 96 Mich. 79; *Marine Sav-*

*ings Bank* v. *Norton,* 160 Mich. 614; *Ransom & Randolph Co.* v. *Moore,* 272 Mich. 31; *Timmer* v. *Talbot,* 19 Fed. Supp. 687; *Cutler* v. *Huston,* 158 U. S. 423 (15 Sup. Ct. 868).

Appellee contends appellant may not raise this question here, not having done so in the trial court. The trial court's decision expressly recognizes the issue in the following language:

"Defendant's claims that the mortgage was void were based principally on the fact that the first set of notes above referred to dated, August 19, 1932, and August 24, 1932, were given before the mortgage was recorded."

The trial court held defendant could not question the validity of the mortgage because he had levied "subject to the mortgage." The only testimony before the court on this question was that of the sheriff and one of his deputies. Neither remembered whether the levy was made subject to or in opposition to the mortgage. The deputy who made the levy was not available as a witness. Testimony offered as to usual course of conduct under like circumstances was insufficient to justify an inference one way or another. The sheriff testified that ordinarily, if there was a mortgage, levy was made subject to it, but if the sheriff was protected by a bond, as in this case, and the attorney requested it, levy was made in opposition to the mortgage.

The original debt having been contracted in the interim between the execution of the mortgage and the filing thereof, the mortgage is not good as against appellant, and replevin will not lie.

Judgment reversed without new trial. Costs to appellant.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.