KINNEY, APPELLANT, *v.* COLUMBUS TEMPERATURE CONTROL COMPANY, APPELLEE.

(No. 81AP-3—Decided July 23, 1981.)

*Messrs. Knisley, Carpenter, Wilhelm & Nein* and *Mr. James R. Nein,* for appellant.

*Mr. Henry Maser,* for appellee.

STRAUSBAUGH, P.J. This is an appeal from a judgment rendered by the Franklin County Municipal Court in favor of defendant dismissing plaintiff's complaint.

Plaintiff-appellant, Patrick W. Kinney, was a member of the board of directors and operations manager for defendant-appellee, Columbus Temperature Control Company, during the year 1977. On or about March 31, 1977, plaintiff received a $7,000 promissory note from defendant as a bonus for his performance as an employee. Three other employees of defendant, two of whom were also on the board of directors, received bonuses of varying amounts that year in the form of promissory notes. In reliance on the note that was issued to him, plaintiff obtained a $15,000 loan using the note as collateral, investing the proceeds of the loan in

C.T.C. (Columbus Temperature Control [defendant]) Investments.

In July 1977, Leo Walsh, who was chairman of the board of directors and president of defendant, upon the advice of a business consultant, questioned the legality of the notes and demanded that the issued notes be returned. On or about August 8, 1977, plaintiff returned his note by placing the note on the desk of Mr. Walsh, who marked the note as being void.

Plaintiff filed a complaint in the Franklin County Municipal Court to recover the amount of the note upon its becoming due. From the judgment granted to defendant by the trial court, plaintiff appeals raising the following assignments of error:

"The trial court in its judgment and proceedings in this cause:

"1. Erred in holding that the relinguishment [sic] of possession of the bonus-note by plaintiff was a legal surrender of said note.

"2. Erred in placing the burden of proof on plaintiff to prove by a preponderance of the evidence that no surrender of the bonus-note had occurred. Defendant's claim that the bonus-note was surrendered is an affirmative defense. Hence, defendant must prove by a preponderance of the evidence that the note had been surrendered."

In support of the first assignment of error, plaintiff contends that he never renounced his rights under the note and that the surrender of the note was ineffective because plaintiff lacked the requisite intent necessary for a valid surrender. However, defendant contends that, by delivery of his note to Mr. Walsh, plaintiff effectively surrendered the instrument. At the center of this dispute is R.C. 1303.71, which reads as follows:

"(A) The holder of an instrument may even without consideration discharge any party:

"(1) in any manner apparent on the face of the instrument or the indorse-ment, as by intentionally cancelling the instrument or the party's signature by destruction or mutilation, or by striking out the party's signature; or

"(2) by renouncing his rights by a writing signed and delivered or by surrender of the instrument to the party to be discharged.

"(B) Neither cancellation nor renunciation without surrender of the instrument affects the title thereto."

An examination of the clear language contained in R.C. 1303.71(A)(2) allows us to conclude that the holder of an instrument may discharge a party to that instrument by the renunciation of his rights. Said renunciation can be evidenced by the delivery of a signed writing indicating a renunciation of rights to the party to be discharged or by surrender of the instrument to the party to be discharged. Upon the occurrence of either event, a holder has renounced his rights in the instrument and discharged a party to the instrument. We find no merit in this portion of plaintiff's argument. If plaintiff's conduct constitutes a surrender, then plaintiff has renounced his rights in the note. The language in R.C. 1303.71(A)(2) is clear, nothing more than a valid surrender of the instrument is required to discharge the party who receives the instrument.

The central issue on this appeal, however, is whether the conduct of plaintiff in returning the note to defendant's president constituted a "surrender" within the meaning of R.C. 1303.71(A)(2). The term "surrender" is not defined in R.C. Chapter 1303, nor do we find a previously reported decision in Ohio which defines the term "surrender" as used in that statute. Plaintiff contends that, to be an effective surrender, the holder must have had an intent to discharge the party at the time the instrument was delivered to that party.

R.C. 1303.71 manifests the Ohio legislature's adoption of UCC 3-605. UCC 3-605 has been interpreted by courts in

other jurisdictions to require that surrender of the instrument be accompanied by an intent to discharge the party to whom the instrument is delivered. White and Summers, Uniform Commercial Code (1972), Section 13-19, at page 447; *Citizens Fidelity Bank & Trust Co.* v. *Stark* (Ky. 1968), 431 S.W.2d 722; *Dluge* v. *Robinson* (1964), 204 Pa. Sup. 404, 204 A.2d 279; *First National Bank of Martinsville* v. *Cobler* (1975), 215 Va. 852, 213 S.E. 2d 800; *Peoples Bank of South Carolina, Inc.* v. *Robinson* (1978), 272 S.C. 155, 249 S.E. 2d 784.

In its decision the trial court discussed the issue of the validity of the alleged surrender stating:

"* * * On this issue, while there was a natural reluctance by the plaintiff to give up the note, Leo Walsh did not force the surrender with a threat of dismissal from his employment or otherwise. That is, the Court finds that the surrender was valid and not induced by duress."

Upon an examination of the record, we conclude that plaintiff's delivery of the note to defendant's president constituted a valid surrender, because said delivery was accompanied by an intent to discharge defendant. Unlike the cases cited above, and the cases upon which plaintiff relies, this is not a case in which the actual delivery of the note was done as a result of mistake, fraud or misrepresentation. Plaintiff's testimony indicates that the delivery of the note was done voluntarily after a week or ten-day period during which plaintiff deliberated over the request to return the note. Plaintiff's testimony indicates an awareness that the surrender of the note meant that there would be no payment on the note. In fact, there is contradictory testimony between plaintiff and Joseph Riley, who also surrendered a note from defendant, as to whether plaintiff received legal advice prior to placing the note on Mr. Walsh's desk.

We find that plaintiff voluntarily and knowingly delivered the note to Mr. Walsh. It is well settled that a person will be found by the law to intend the consequences of his act. If, in fact, plaintiff was not aware of the consequences of his conduct, he was certainly in a position to ascertain them prior to the delivery of the note. By intentionally delivering the note to Walsh, plaintiff did validly surrender the note within the terms of R.C. 1303.71(A)(2). Plaintiff's first assignment of error is not well taken and is overruled.

In support of the second assignment of error, plaintiff contends that defendant failed to meet its burden of proving that plaintiff's delivery of the note was a valid surrender. In light of the above discussion, we find that plaintiff's second assignment of error is not well taken and is overruled.

Additionally, plaintiff argues that plaintiff's delivery of the note to Mr. Walsh did not constitute a valid surrender because Mr. Walsh had no authority to demand the surrender of the notes issued by defendant. We do not agree. In defining the ability of a president of a corporation to act for the corporation, it is well settled that:

"A corporation is bound by the acts of its president only to the extent that such acts are within the express powers conferred upon him, or can be implied from the powers expressly conferred, or are within apparent powers he has knowingly been permitted to exercise." *Kroeger* v. *Brody* (1936), 130 Ohio St. 559 [5 O.O. 210], paragraph one of the syllabus.

A review of the record reveals the absence of any information concerning the powers conferred upon Mr. Walsh by the by-laws or other corporate acts. However, the record does indicate that by virtue of the acquiescence of plaintiff and Joseph Riley, two members of the board of directors and two employees who surrendered notes issued to them by defendant, Mr. Walsh had *apparent* authority to demand the surrender of the notes on behalf of the corporation.

Accordingly, we find that plaintiff's two assignments of error are not well taken and are, therefore, overruled.

*Judgment affirmed.*

REILLY and MOYER, JJ., concur.