**MIDWAY BANK & TRUST,**
**Plaintiff-Appellee,**

v.

**Earl E. MOSES, et al.,**
**Defendants-Appellants.**

No. 84–1507.

Court of Appeals of Iowa.

Aug. 29, 1985.

W. David Tyler, Waterloo, for defendants-appellants.

Donald B. Redfern of Redfern, McKinley, Mason & Dieter, Cedar Falls, for plaintiff-appellee.

Considered by OXBERGER, C.J., and SNELL, and HAYDEN, JJ.

HAYDEN, Judge.

Defendant obligor appeals from a judgment for plaintiff bank in an action seeking

judgment upon two promissory notes. He asserts: 1) that the trial court should have found that the bank's defacto extension of the notes discharged him from liability, and 2) that no effect should be given to a guaranty agreement not specifying the amount of indebtedness. We affirm.

In an action commenced on November 17, 1982, Midway Bank & Trust sought judgment on two unpaid promissory notes cosigned by the defendant. At trial, Moses' sole defense was that the bank and Richard Mark, a joint obligor on the notes, entered into an unauthorized extension agreement, thereby discharging his liability. The trial court determined that there was no evidence of any valid agreement extending the promissory notes; judgment was entered for the plaintiff bank. Moses has appealed from this determination.

Our review of this matter is limited to corrections of errors at law. Iowa R.App.P. 4. The fact findings of the trial court have the effect of a special verdict and are considered binding if supported by substantial evidence. *C. F. Sales, Inc. v. Amfert, Inc.,* 344 N.W.2d 543, 553 (Iowa 1983). Substantial evidence has been defined as evidence that "a reasonable mind would accept as adequate to reach a conclusion." *Briggs v. Hinton Community School District,* 282 N.W.2d 740, 743 (Iowa 1979).

### I.

Pursuant to Iowa Code section 554.-3606 (1985), a valid agreement between the payee and the maker of a note to extend time for payment discharges any co-maker who has not consented to the extension. The record before this court contains no evidence that a valid agreement existed between Midway Bank & Trust and the defendant's co-obligor. However, defendant argues that the bank acted as if the time for payment had been extended. It is claimed that this "defacto extension" should discharge defendant's liability. We are unpersuaded by this argument.

A careful review of the record reveals that a bank employee mistakenly assumed the time for payment had been extended to June 15, 1982 and entered this information into a computer. Importantly, however, there is no indication that the bank actually intended to extend time for payment. We are simply not willing to hold the bank responsible for the unauthorized acts of its employees and discharge defendant's liability on this ground. *Cf. Peoples Bank of South Carolina v. Robinson,* 272 S.C. 155, 249 S.E.2d 784, 785–86 (1978) (cancellation of note made unintentionally, under a mistake, or without authority is inoperative and will not effect a discharge).

Substantial evidence supports the conclusion that an unauthorized extension did not exist. We therefore affirm the trial court's determination in this respect.

### II.

Moses also argues that no effect should be given to a guaranty agreement he signed which does not specify the amount of indebtedness. We see no reason to address the merits of this claim. The trial court did not rely on the guarantee agreement in imposing liability; consequently, it is not an adequate ground for reversal.

AFFIRMED.