574 So.2d 306 (1991)
Scott E. GOVER, Appellant,
v.
HOME AND CITY SAVINGS BANK, Appellee.
No. 90-1525.
District Court of Appeal of Florida, First District.
February 14, 1991.
Gregory D. Smith, Pensacola, for appellant.
Barry W. McCleary, Pensacola, for appellee.
SHIVERS, Chief Judge.
The sole issue on appeal is framed by the trial judge's conclusion that "Florida Statute Annotated 673.3-605 in regards to cancellation and renunciation requires that said cancellation or renunciation be an intentional act by the holder." We affirm.
There is no factual dispute between the parties. Appellant's purchase money mortgage was cancelled due to a clerical error, and Home and City Savings Bank (HCSB) sent Gover a cancelled note and release of lien by mistake. Gover also received the certificate of title on the collateral. Gover stopped making payments on the note. HCSB repossessed the collateral and petitioned for writ of replevin, alleging fraudulent procurement of clear title to the collateral. Gover counterclaimed and alleged conversion. HCSB moved for summary judgment on the ground the note and security agreement had not been intentionally cancelled. The trial court granted the motion and dismissed the counterclaim.
Section 673.605, Florida Statutes (1965), which is identical to section 3-605 of the Uniform Commercial Code, states
(1) The holder of an instrument may even without consideration discharge any party:
(a) In any manner apparent on the face of the instrument or the indorsement, as by intentionally canceling the instrument or the party's signature by destruction or mutilation, or by striking out the party's signature; or
(b) By renouncing his rights by a writing signed and delivered or by surrender of the instrument to the party to be discharged.
(2) Neither cancellation nor renunciation without surrender of the instrument affects the title thereto.
Gover argues the plain meaning of the statute allows a gratuitous or unintentional discharge to be effective provided the instrument was surrendered or a signed writing was delivered. HCSB answers that erroneous cancellation of a promissory note and release of security without the intent of the lender does not have the legal effect of cancelling the debt or discharging the security interest.
This is a case of first impression in Florida. Since other states' statutes concerning cancellation and renunciation mirror Florida's, we find the decisions in these other states persuasive. We join the unanimity of other jurisdictions and hold that cancellation or renunciation of an instrument is ineffective if it is unintentional or procured by mistake. See, e.g. Peoples Bank of South Carolina, Inc. v. Robinson, 272 S.C. 155, 249 S.E.2d 784 (1978); *307 Reid v. Cramer, 24 Wash. App. 742, 603 P.2d 851 (1979); see also 1 White & Summers, Uniform Commercial Code, § 13-22, at 683 (3d ed. 1988); Hawkland & Lawrence, Uniform Commercial Code Series § 3-605:06 (1986).
AFFIRMED.
JOANOS and WOLF, JJ., concur.