[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has brought the present action to recover the balance due on a note to his decedent (Mr. Hall) and to foreclose a mortgage which secured the note.
The defendant was employed by Mr. Hall for some years prior to his death, and she developed a close relationship with him. In 1986 the defendant was involved in the dissolution of her marriage in which the marital home was to be sold. The defendant purchased a condominium as her new residence and borrowed funds from Mr. Hall for that purpose. The loan was to be repaid from the proceeds of the anticipated sale of the marital home. The defendant executed a promissory note and a mortgage as security for the loan.
Between the date of the execution of the note and the date of Mr. Hall's death, the defendant told Mr. Hall that the marital home was not sold and that she was told "not to worry about it and not to concern yourself with it."
Approximately three or four weeks after the execution of the note and mortgage, and approximately two months prior to his death, Mr. Hall gave the defendant an envelope which he instructed her to "put it with your personal papers." The defendant placed the envelope with her personal paper without opening it or examining its contents. Mr. Hall died in October of 1986 and in June of 1988 the defendant sold the marital home and used the proceeds to pay the loan from Mr. Hall. When legal proceedings were threatened to collect the balance of the loan, the defendant contacted an attorney. Thereafter, the defendant discovered, for the first CT Page 9481 time that the envelope contained the original note and mortgage.
The defendant has filed a special defense asserting that Mr. Hall surrendered the note and mortgage to defendant and that she is thereby discharged from further obligation pursuant to the provision of General Statutes 42a-3-605(1)(b). The plaintiff has now moved for summary judgment with respect to liability asserting that the defendant has failed to come forward with substantial evidence that Mr. Hall intended to discharge the debt.
General Statutes 42a-3-605 provides as follows:
 "Cancellation and renunciation. (1) The holder of an instrument may even without consideration discharge any party (a) in any manner apparent on the face of the instrument or the endorsement, as by intentionally cancelling the instrument or the party's signature by destruction or mutilation, or by striking out the party's signature; or by renouncing his rights by a writing signed and delivered or by surrender of the instrument to the party to be charged."
The unintentional cancellation of a note does not discharge the defendant of his obligations. Guaranty Bank Trust Co. v. Dowling, 4 Conn. App. 376, 381 (1985). Similarly, the court finds that a "surrender" under 42a-3-605(1)(b), to be effective as a discharge must, be accompanied by an intent to discharge the party to whom the instrument is delivered, Kinney v. Columbus Temperature Control, Co. 2 Ohio, App.3d 396, 442 N.E.2d 465,467, 468 (1981); Sweeney v. First Virginia Bank of Tidewater,299 S.E.2d 858, 861 (VA. 1983); Columbia Savings v. Zelinger,794 P.2d 231, 36 (Colo. 1990).
However, the determination that the word "surrender" as employed in the statute implies on element of intent, does not entitle the plaintiff to summary judgment. Intent is a question of fact, Guaranty Bank Trust Co. v. Dowling, supra at 381, and a summary judgment procedure is particularly inappropriate where the issues concern motive or intent. Nolan v. Borkowski,201 Conn. 495, 505 (1988); Batick v. Seymour, 186 Conn. 632,646 (1982).
The affidavit filed by the defendant deals with various subjects which might be found to bear on the issues of motive or intent including the relationship of the parties, the wealth of Mr. Hall, his health and knowledge thereof, and the relationship between Mr. Hall and other family members.
On the basis of the materials before the court, the plaintiff would not be entitled to a directed verdict. See Nolan v. CT Page 9482 Borkowski, supra. Accordingly, the motion for summary judgment is denied.
Rush, J.