No. 10,982.

## LOVELAND, ADMINISTRATOR, *v.* SIGEL-CAMPION LIVE STOCK CO.

Decided March 2, 1925.

Action on promissory note.   Judgment for claimant.

### *Affirmed.*

1.   BILLS AND NOTES—*Endorsement.* Where one, after the discounting of notes to a bank, endorsed his name thereon after that of the payee, this, prima facie, made him liable as an endorser after the latter, but such presumption could be overcome by proof.

2.        *Endorsement—Consideration.* Where a party, after the discounting of a note, endorses it pursuant to a previous agreement, his act in signing relates back to the original contract and is supported by the same consideration. It is not necessary that he agreed to sign the note, it is sufficient that the original maker promised to procure his signature, and that he signed pursuant to such promise.

3.        *Endorsement—Consideration.* Endorsement of a note pursuant to an arrangement after it has been executed, delivered and discounted, is without consideration, and judgment against the endorser erroneous.

4.  APPEAL AND ERROR—*Bills and Notes—Endorsement—Evidence.*
    Contention of an endorser of a note that there was no evidence
    to support an alleged arrangement between the endorsers that
    he sign, other than appeared on the note, overruled.

*Error to the District Court of the City and County of
Denver, Hon. George F. Dunklee, Judge.*

Mr. H. E. LUTHE, for plaintiff in error.

Mr. H. A. HICKS, Mr. A. T. MONSON, for defendant in
error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE county court allowed the claim of the defendant in
error against the estate of Francis W. Loveland; on ap-
peal the district court did the same and the administrator,
Francis P. Loveland, brings error.

The claim was upon two promissory notes, signed by
Francis P. Loveland and Bertha F. Detwiller, payable to
the Sigel-Campion Live Stock Company and endorsed by
that company, A. J. Campion and Francis W. Loveland in
that order.  The notes were discounted by the company at
the bank before F. W. Loveland's signature was on them.
He afterwards went to the bank with his son, F. P. Love-
land, and wrote his name on the back under that of
Campion.  This, prima facie, made him liable as an en-
dorser after the claimant, but the presumption may be
overcome by proof of agreement among the endorsers.  C.
L. § 3881.

The claimant says that its agents refused to give credit
to the makers unless F. W. Loveland would sign with them
and that his signature though procured later was given
accordingly.  If this is true the judgment is right.  In such
case the act relates back to the inception of the original
contract and is supported by the same consideration.  *De-*

*posit Bank of Sulphur v. Peak,* 110 Ky. 579, 62 S. W. 268, 96 Am. St. Rep. 466; *Eitel v. Farr,* 178 Mo. App. 367, 165 S. W. 1191; *Mitchell v. Planters' Bank,* 27 Tenn. 215, 216; 8 C. J. 212, note 95. It seems not necessary that the defendant should have agreed to sign the note. It is enough that the original maker agreed to procure his signature and that he signed pursuant to such agreement. *Pauly v. Murray,* 110 Cal. 13, 42 Pac. 313; *Winders v. Sperry,* 96 Cal. 194, 31 Pac. 6; *Moies v. Bird,* 11 Mass. 436, 6 Am. Dec. 179. Compare *McNaught v. McClaughry,* 42 N. Y. 22, 1 Am. Rep. 487.

The plaintiff in error denies the plaintiff's statement and says that his father's signature was given pursuant to conversations and arrangements had after the discount, and was without any new consideration. If so, the judgment would be wrong. This issue, however, was tried and found for the claimant on conflicting evidence.

The plaintiff in error says that there was no evidence to support the theory of the claimant, and his argument, in its last analysis, is that there is no evidence that F. W. Loveland ever entered into any arrangement with the other endorsers except as appears on the notes. We cannot assent to this. It is true that there is no direct evidence that F. W. Loveland ever understood he was making himself liable to the company, but the circumstantial evidence, which, with all fair inferences from it, we must assume to be true, is of considerable strength; e. g., it is more likely that the endorser wished to give his son credit with the company than that he wished to strengthen the company's credit with the bank.

Judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.