474 P.2d 634 (1970)
The COLORADO STATE BANK OF DENVER, Plaintiff in Error,
v.
Robert ROTHBERG, Defendant in Error.
No. 70-282. (Supreme Court No. 23889.)
Colorado Court of Appeals, Div. II.
August 5, 1970.
Rehearing Denied August 25, 1970.
*635 Winner, Berge, Martin & Clark, Denver, for plaintiff in error.
Brenman, Ciancio, Rossman & Baum, Denver, for defendant in error.
Selected for Official Publication.
COYTE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The parties appear in the same order as they appeared at trial and will be referred to in the same manner.
This case concerns the liability of the defendant as guarantor of two notes.
On January 28, 1965, a note owned by J. Zerobnick, Inc., was endorsed by defendant, as vice-president of J. Zerobnick, Inc., "without recourse," and offered to Citizens Savings Bank, Denver, Colorado. The undisputed testimony was that the bank would refuse to purchase the note unless it were to be signed "with recourse." The defendant offered instead that he would personally guarantee the note. This offer was accepted. A guaranty was signed on January 29, 1965, and the sum of $5,133.31 was paid to J. Zerobnick, Inc.
On February 25, 1965, another note was offered to Citizens Savings Bank, again endorsed by defendant as vice-president of J. Zerobnick, Inc., "without recourse." Again, the testimony was that unless the note were to be signed "with recourse" it would not be accepted. Again defendant offered to personally guarantee the note. A guaranty contract was signed by defendant on March 3, 1965, and the bank then paid the sum of $6,425.82 to J. Zerobnick, Inc.
The makers of both notes defaulted and plaintiff, as holder of the notes, sought recovery from defendant as guarantor. When defendant resisted payment, plaintiff initiated this suit to recover. The trial was to the court, which, at the conclusion of plaintiff's evidence, entered judgment for defendant on the grounds that no consideration was given in return for the guaranty.
Plaintiff contends that the evidence established that consideration was given for the guaranties and therefore defendant should be held liable for the amount of default. We agree with this contention. Two separate theories are being relied upon in support of defendant's contention that no consideration was given in return for these guaranties.
Under the first theory, it is argued that since the guaranties were executed subsequent to the delivery of the notes, they were therefore not given in consideration for the notes and therefore no liability results. This argument is not sound in light of the uncontroverted evidence that the Citizens Savings Bank did not release funds to J. Zerobnick, Inc., until the guaranties were signed and in its possession. In Loveland v. Sigel-Campion Live Stock Co., 77 Colo. *636 22, 234 P. 168, the defendant (or plaintiff in error) had endorsed a note signed by his son, after the note had been delivered to the plaintiff, and after the plaintiff had discounted the note to a bank. Although defendant maintained that no consideration was given in return for the guaranty, the court found that the plaintiff was acting in reliance upon defendant's agreement to endorse the note, and that it refused to extend credit until after defendant had signed the endorsement. Holding that consideration existed, the Supreme Court stated:
"In such case the act relates back to the inception of the original contract and is supported by the same consideration."
In the present case, the bank did not release funds to J. Zerobnick, Inc., until defendant had signed the guaranties. As in Loveland, supra, it is immaterial that the guaranties were signed subsequent to the execution of the notes, since the holder of the notes was relying upon the promise of the guarantor in accepting the notes, particularly when the funds were not dispersed until the guaranties were signed.
The second argument in support of a lack of consideration is based upon the wording of the first guaranty, which states:
"NOW, THEREFORE, In consideration of the payment to the undersigned of5133.31Dollars ($5133.31), being a part of the proceeds of said note, the undersigned, hereby severally guarantees, in case of default in any such stipulated monthly amount to the said Payee or in case of neglect in any of the conditions of said note, to pay upon demand to the Payee * * *."
It is defendant's contention that since the guaranty stated he would receive this amount, and since the evidence shows that the cash went to J. Zerobnick, Inc., directly, he therefore did not receive the consideration mentioned in the guaranty contract and therefore is not liable on the note.
Whether or not the guarantor derives any immediate benefit from the contract is immaterial since consideration may be in the form of a legal detriment incurred by the promisee as a result of reliance on the guaranty contract. Continenal Casualty Co. v. White, D.C., 160 F.Supp. 611; Southdale Center, Inc. v. Lewis, 260 Minn. 430, 110 N.W.2d 857.
We hold first that the fact that the guaranty contract was signed subsequent to the delivery of the notes is immaterial, where the undisputed evidence is that the plaintiff did not release the funds until the notes were guaranteed by defendant; and, secondly, that the reliance by plaintiff upon the promise of the defendant to guarantee the payment of the notes constituted sufficient consideration in itself to support the guaranty contract.
Judgment reversed for new trial to be held consistent with the views herein expressed.
ENOCH and PIERCE, JJ., concur.