486 P.2d 29 (1971)
Lyman G. LINGER, Plaintiff in Error,
v.
ROCKY MOUNTAIN BANK AND TRUST COMPANY, Defendant in Error.
No. 70-657. (Supreme Court No. 24209.)
Colorado Court of Appeals, Div. II.
March 30, 1971.
Rehearing Denied April 20, 1971.
Certiorari Denied June 28, 1971.
March, March & Sullivan, John-David Sullivan, Fort Collins, for plaintiff in error.
Harden, Olson & Napheys, B. F. Napheys III, Fort Collins, for defendant in error.
Certiorari Denied June 28, 1971, see note at end of opinion. Selected for Official Publication.
PIERCE, Judge.
This case was transferred from the Supreme Court pursuant to statute.
The parties appear here in reverse order of their appearance at trial; they will be referred to as the "Bank" and "Linger."
In 1965, Continental Caterers, Ltd., (the "Club") opened a checking account with the Bank, and early in 1966, it executed two demand notes to the Bank, one of which was secured by a chattel mortgage on assets owned by the Club.
By April 22, 1966, the Club had overdrawn its checking account by more than $10,000 and had made no payments on either of the notes. Sometime prior to that date, the Board of Directors of the Bank learned of the delinquent notes and overdrawn account from its President, Gale Heiman, and informed Heiman of its concern.
On April 22nd, Heiman contacted Linger, who had an interest in the Club and who, according to some evidence, eventually became its president, and asked him to come to his office. At their meeting that evening, Heiman asked Linger to sign a continuing *30 guaranty to the Bank as security for the Club's obligation. They agreed that the guaranty was to have no actual effect but was merely to be placed in the Bank's file so that it would appear to the bank examiners, who were expected shortly, that the debt was well secured. This would save the Bank considerable embarrassment and would give Heiman additional time to make other arrangements to cover the transaction. After reading the guaranty, Linger signed it. He was well aware of its contents and knew that the Club was indebted to the Bank for approximately $43,000 at the time.
Based on Linger's guaranty, backed by his substantial net worth, the Bank forbore making demand on the notes and continued to honor checks drawn on behalf of the Club. No other bank personnel knew of the secret arrangement between Heiman and Linger until approximately three months later, and the Bank never at any time ratified this deceptive agreement.
In August and December of 1966, the Bank made formal demand on the Club for payment of the two notes, and gave notice that it would foreclose its chattel mortgage. Linger was given notice of these demands. The bank then foreclosed its chattel mortgage and filed suit against Linger on his guaranty for the balance due on the notes and checking account.
After trial, judgment was rendered in favor of the Bank. On appeal, Linger raises four questions which we will discuss in order of presentment.

I.

IS THE PURPORTED GUARANTY INVALID AND UNENFORCEABLE DUE TO LACK OF CONSIDERATION?
Linger contends that he received no immediate benefit from the guaranty since it was given solely as an accommodation to the Bank. It is his theory that standing as a bare promise to pay the past indebtedness of another, it is unenforceable. We do not agree.
The findings of the trial court, based on competent evidence, clearly indicate that in reliance upon the guaranty, the Bank refrained from taking action against the Club. It is immaterial that Linger derived no immediate benefit from the contract. The Bank's forbearance from action against the Club, as a legal detriment, was sufficient consideration to support the guaranty contract. Colorado State Bank of Denver v. Rothberg, 28 Colo.App. 422, 474 P.2d 634.

II.

IF THE PURPORTED GUARANTY AGREEMENT IS A SHAM AND NOT INTENDED TO HAVE ANY LEGAL SUBSTANCE, IS IT ENFORCEABLE AGAINST LINGER?
The facts in this case are not significantly distinguishable from those in Rogers v. First State Bank, 79 Colo. 84, 243 P. 637. In that case, the president of a bank persuaded an officer of a corporation to give a personal note to the bank to reduce the corporation's indebtedness and satisfy the demands of the bank commissioner. The private agreement between the bank president and the corporate officer was to the effect that the note would not be enforced. The Supreme Court held that the corporate executive did not have a valid defense to an action for collection of the note and that the secret agreement was clearly ultra vires and void. The argument before us was disposed of by it as follows:
"The trial court held that Emberton had no power of authority to bind the bank by a separate agreement that the note would not be enforced and that defendant knew or should have known this. We must agree with this conclusion. We cannot concede that such a plea as that interposed by defendant would be good in any jurisdiction, but if there be a doubt, we purpose to dispel it *31 here. The State Bank Commissioner is a public officer, charged by law and obligated by his oath of office, as well as by considerations of honest dealing with the banking public to protect their rights. A defense that a note sued upon was given to deceive him is contrary to law and sound public policy. No relief based upon such a plea can be granted to any litigant."
See also, 9 Wigmore on Evidence (3rd ed.) § 2406. Therefore, Linger may not use the claim of a sham agreement as a shield against liability in the case before us.

III.

WAS IT NECESSARY FOR THE BANK TO OBTAIN JUDGMENT AGAINST THE CLUB PRIOR TO PROCEEDING AGAINST LINGER?
The evidence in this action clearly supports the finding of the trial court that there was a default on the part of the Club. Where, as here, the performance under the guaranty was conditioned only upon the default of the debtor, it was not necessary for the Bank to obtain judgment against the Club before proceeding against Linger. Praher v. Roto Ignition Sales, Inc., Colo., 468 P.2d 29; Jain v. Giffin, 3 Colo. App. 90, 32 P. 80.

IV.

ARE LEGAL FEES AND OTHER COSTS OF COLLECTION INCLUDED AS PART OF THE GUARANTY?
The evidence established that the fees claimed had actually been incurred. Further, it was stipulated by Linger that the fees were reasonable even though he contends they were not applicable to the guaranty. Having proven these two elements, the Bank is entitled to indemnification where the action was based on promissory notes providing for attorney's fees and costs, Rock Wool Insulating Co. v. Huston, 141 Colo. 13, 346 P.2d 576.
Judgment affirmed.
SILVERSTEIN, C. J., and DUFFORD, J., concur.

ON PETITION FOR CERTIORARI
In denying the petition for a writ of certiorari to review the opinion of the Court of Appeals, the Supreme Court does not necessarily approve the statement in that opinion that "[t]he Bank's forbearance from action against the Club, as a legal detriment, was sufficient consideration to support the guaranty contract."