Victor J. Orgera, J.
This is a motion by defendant Island State Bank for a judgment dismissing the cause of action against it pursuant to CPLR 3211. Plaintiff cross-moves for summary judgment against Island State.
The only affidavit in opposition and in support of plaintiff’s cross motion is by plaintiff’s counsel. For the purpose of the motion and cross motion, the court will assume that plaintiff’s counsel is a person with knowledge of the facts and that the facts as alleged are true.
Briefly, the facts claimed by plaintiff are: at a mortgage closing on May 21, 1974, the mortgagee, Greenpoint Savings Bank, issued its check drawn on Morgan Guaranty Trust Company, in the sum of $5,406.29, payable to the order of Dorothy Horak, a defendant herein. The mortgage was made by codefendants Richard and Barbara Horak, the son and daughter-in-law of Dorothy Horak. Their signatures appear on the lower half of the reverse side of the check under the stamped legend "Payment Approved”. The plaintiff was present at the closing and in his presence and pursuant to his instructions, Dorothy Horak endorsed the check on the top of the reverse side "Pay to the Bankers Trust Company”, signing her name immediately below. She agreed to deliver the check to Bankers Trust in order to discharge a debt that plaintiff had guaranteed. Thereafter, she deposited the check to her account at Island State Bank and it was ultimately paid by Morgan Guaranty Trust Co. The check as deposited contained two heavy black lines immediately above her signature which obliterated the writing underneath. The court on examining a photocopy of the check cannot determine the writing obliterated, but will assume it did contain the endorsement "Pay to the Bankers Trust Company”.
*694 At the same closing another debt owing to plaintiff was paid out of the mortgage proceeds. Why the check in question was not made payable directly to Bankers Trust or the plaintiff is not set forth, nor is it explained why it was entrusted to Dorothy Horak to make delivery. Nonetheless, it is alleged that by reason of the failure of Dorothy Horak to deliver the check to Bankers Trust and/or the failure of Island State to honor or inquire into the endorsement to Bankers Trust, the plaintiff was obliged to pay the debt himself.
The processing of a check ultimately leading to its payment normally commences by the holder cashing or depositing the check at the bank in which he maintains an account. If the bank permits the deposit to the holder’s account it becomes a collecting bank and must use ordinary care in presenting the item or sending it for presentment (Uniform Commercial Code, §4-202). It acts as the agent of the owner (Uniform Commercial Code, § 4-201). It must follow the instructions of its transferor and is not liable to prior parties for any action taken pursuant to such instructions (Uniform Commercial Code, § 4-203). The bank, if it cashes the check, becomes a holder in due course if it meets the requirements of section 3-302 of the Uniform Commercial Code. It is clear in this case that Island State acted as a collecting bank. The result would be no different if it had in fact cashed the check for Dorothy Horak.
In his brief, plaintiff asserts that defendant bank was under a duty to inquire as to the deleted endorsement and failing to do so it did not act in good faith. He also argues that the "Payment Approved” legend signified approval of the endorsement above it. Plaintiff is in error on both points. "Payment Approved” is customarily placed on the reverse side of a check where the issuer in disbursing funds of a borrower has made the check payable to one other than the borrower. It merely acknowledges and authorizes the payment (by the mortgagee bank) to one other than the borrower.
In a case markedly similar to the one here, a bank issued its check to the order of a person applying for a loan to purchase an automobile and the borrower payee endorsed the check, in the presence of a bank official, to the order of a certain automobile dealer, and then took the check and negotiated it to a third party. The Court of Appeals held that:
"An indorsement is incomplete, and indeed, may be disre *695 garded and ignored * * * and in this case the [payee] never did deliver the check to the indorsee.
"It is settled that the holder of a check, though he has indorsed it specially to one person, may, without either striking out the indorsement or adding another, negotiate it to a third person * * * In view of the fact that the indorser no longer intends to confer on the indorsee any interest in the check, the law regards the name used as fictitious and treats the check — thus made payable to the order of a fictitious person — as payable to bearer.” (Hall v Bank of Blasdell, 306 NY 336, 342, 343.)
The Uniform Commercial Code adopts this view by permitting a holder, upon reacquiring the instrument, to cancel any endorsement not necessary to his title (Uniform Commercial Code, § 3-208). It follows that if a holder can cancel an endorsement after delivery and reacquisition it can cancel an endorsement before delivery, whatever the reason for the cancellation. The court finds, therefore, that under the facts here presented, Island State owed no duty to either the plaintiif or to Bankers Trust Company.
The motion to dismiss the complaint as to Island State Bank is granted. The cross motion is denied.