FIRST GALESBURG NATIONAL BANK AND TRUST COMPANY, Plaintiff-Appellant, *v.* ALLEN D. MARTIN *et al.*, Defendants-Appellees.

Third District   No. 77-409

Opinion filed March 17, 1978.

Lucas, Brown & McDonald, of Galesburg, for appellant.

Dale A. DeLoriea, of Galesburg, for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

On July 25, 1975, First Galesburg National Bank and Trust Company (plaintiff) loaned $850 to Allen and Patricia Martin (defendants) in return for defendants' note in the amount of $1,033.92 secured by a 1970 Mercury Montego. After obtaining title to the automobile, defendants failed to have the plaintiff's lien shown upon the certificate of title as required by the security agreement. Defendant Allen Martin subsequently filed bankruptcy proceedings and was granted a discharge in bankruptcy as of February 7, 1977. Plaintiff was scheduled as a creditor of Martin in the bankruptcy case.

On June 3, 1976, plaintiff made the appropriate bookkeeping entries to write off the balance of defendants' debt ($840) as a bad debt, and through a clerical error, the note was marked paid and returned to defendants. Defendants were later notified of the plaintiff's error, but they did not return the note or make any further payments as requested.

Plaintiff then filed this replevin action on May 12, 1977, alleging, *inter alia,* that plaintiff is entitled to possession of a 1970 Mercury Montego and that the car is wrongfully detained by defendants. In their verified answer, defendants denied that plaintiff was entitled to possession of the vehicle, asserted that Allen Martin is owner of the vehicle as evidenced by the attached certificate of title and that Martin had received a discharge in bankruptcy. The only evidence presented at the hearing was the testimony of plaintiff's loan officer who described the transaction between the parties, the bank's error in marking the note paid, and who also stated that as far as he knew, defendants still have possession of the vehicle in question. Defendants presented no evidence. The trial court entered judgment on behalf of defendants based on four findings of fact: (1) that plaintiff failed to endorse its lien on the certificate of title; (2) that plaintiff returned the note to defendants, stamped paid, by mistake; (3) that plaintiff treated the obligation as paid by writing off the account as a bad debt; (4) that plaintiff failed to establish that the car was still in defendant's possession. Plaintiff appeals from that judgment, contending that the findings of the trial court do not support a judgment in favor of defendant.

■■ First, the trial court found that plaintiff failed to endorse the lien on the certificate of title. However, the security agreement between the parties required defendants to have the lien entered on the certificate, not plaintiff. Furthermore, the failure to perfect the lien as to third parties does not invalidate a lender's security interest as against the original borrowers. (See Ill. Rev. Stat. 1975, par. 9—203(1).) Therefore plaintiff's security interest was enforceable against defendants, and defendants concede that point in their brief filed in this court.

Plaintiff next challenges the relevance of the court's second and third

findings and asserts that defendants' underlying obligation to plaintiff was not extinguished when the note was stamped paid by mistake. Section 3—605(1)(a) of the Uniform Commercial Code (Ill. Rev. Stat. 1975, ch. 26, par. 3—605(1)(a)) provides that the holder of an instrument can discharge the debtor by *intentionally* cancelling the instrument. Similarly writing off defendants' account as a bad debt is said to be a matter of internal accounting procedure and does not discharge the debtor.

■■ Defendants respond that the evidence was sufficient to permit the trial court to conclude that plaintiff had treated the debt as paid. We do not agree. When the court found that the note was stamped paid by mistake, the only conclusion permissible under the law of Illinois is that the debt was not discharged. When the court found that plaintiff wrote off defendants' liability as a bad debt that could never be collected, it would be illogical to infer that the bank intended to treat the debt as discharged. Consequently the court's second and third findings did not support the judgment.

Finally, plaintiff contends that defendants' possession was proven when defendants admitted ownership in their answer and when plaintiff's witness testified without contradiction that the vehicle was still in defendants' possession to the best of his knowledge. Defendants insist that the trier of fact was not required to accept this testimony as establishing defendants' possession. *E.g., Biggerstaff v. Estate of Nevin* (3d Dist. 1954), 2 Ill. App. 2d 462, 119 N.E.2d 826.

■■ Plaintiff's burden of proof was succinctly stated in *Hanaman v. Davis* (2d Dist. 1959), 20 Ill. App. 2d 111, 116, 155 N.E.2d 344, as follows:

> "It is necessary in a replevin action that the plaintiff allege in his complaint and prove that he is lawfully entitled to the possession of the property sought to be replevined; that the defendant wrongfully detains said property and refuses to deliver possession thereof to the plaintiff."

■■ Here plaintiff alleged defendants' wrongful detention of the car, and defendants denied that allegation, asserting instead that they owned the automobile free of any liens and that any debt owed plaintiff was discharged by order of the bankruptcy court. Defendants, however, presented no evidence in support of their allegations, so the only question on review is whether plaintiff established a *prima facie* case. Under the pleadings in this case, defendants' assertion of ownership of the automobile would logically mean that they do not disclaim possession but rather claim that their detention of the vehicle is lawful, not wrongful. In such a situation, it would be pointless to require plaintiff to produce proof that defendants have possession of the automobile. Hence, we conclude that plaintiff is entitled to a writ of replevin.

We note that plaintiff neither alleged nor proved a demand and refusal

to deliver possession as required by law. However, defendants have waived that issue by failing to raise it either in the trial court or before this court.

For the reasons stated, we reverse the judgment of the trial court, and remand to the Circuit Court of Knox County for further proceedings consistent with this opinion.

Reversed and remanded.

STOUDER, P. J., and SCOTT, J., concur.