[No. 3176–2.  Division Two.  December 3, 1979.]

PAUL E. REID, *Respondent,* v. BRUCE P. CRAMER, ET AL, *Appellants.*

*Erwin P. Jones, Jr.,* for appellants.

*Russell W. Hartman,* for respondent.

SOULE, J.—This is an action to recover judgment on a promissory note tendered as earnest money for the purchase of real property. Bruce Cramer, the purchaser, appeals a judgment enforcing the promissory note in favor of Paul Reid, the seller of the property.

On July 8, 1975, the plaintiff, Paul Reid, entered into an earnest money contract in which he agreed to sell a large tract of undeveloped land to the defendant, Bruce Cramer, a general contractor. The signing of the earnest money contract culminated a series of negotiations which took nearly 1 month during which several offers and counteroffers passed between the parties. The final contract dated July 8, 1975, provided that closing take place within 30 days. It did not make closing subject to any express contingencies. It stated that earnest money in the form of a promissory note for $4,000 due at closing was received, and provided that the earnest money be forfeited as liquidated damages if the buyer failed to complete the purchase. Plaintiff contends that a promissory note for this amount dated June 13, 1975, which was prepared at the time that the first purchase offer was made by defendant, was carried forward as earnest

money for the July 8 contract. The note provided for payment at closing and was made payable to Home Realty, the agent for the plaintiff–seller, who subsequently endorsed the note to plaintiff.

The sale failed to close due to the refusal of the defendant–purchaser to perform. Defendant insisted that the sale was contingent upon his obtaining various environmental permits which would allow him to subdivide the land into tracts small enough for him to realize his anticipated profit. Although this was not made an express condition precedent to closing, defendant insisted that plaintiff was aware of this intended use. When defendant failed to perform, plaintiff sued to enforce the note as forfeited earnest money. The trial court ordered that the note be enforced against defendant as liquidated damages in accordance with the terms of the earnest money agreement. Defendant raises three issues on appeal: (1) Is the promissory note unenforceable because it is contingent upon closing and therefore not negotiable under RCW 62A.3–104(1)(c)? (2) Is the note unenforceable because it had been marked "void" by an employee of Home Realty? (3) Is the note unenforceable because defendant's wife did not join in the note and earnest money contract? We answer all these questions in the negative and affirm the judgment.

Defendant first argues that, since the note was payable upon closing, it is subject to a contingency and thus is not an unconditional promise to pay at a definite time required for negotiability under RCW 62A.3–104(1)(c). The question of whether or not the note may be negotiable is irrelevant in the present case. Between the two contracting parties, a note is only a simple contract to pay money. *Vancouver Nat'l Bank v. Katz,* 142 Wash. 306, 313–14, 252 P. 934 (1927). A note which may not be negotiable and thus not enforceable by a subsequent holder against the maker due to an indefinite time of payment does not affect its enforcement between the original parties. *Simpson v. Baber,* 74 Colo. 175, 220 P. 235 (1923). In the case before us, one of the original parties to the transaction is seeking

to enforce the note against the maker.[1] Therefore, the question of whether the note may or may not be negotiable cannot be raised as a defense by the maker. Further, this entire argument on the part of the defendant appears strained since the so–called contingency of closing did not occur solely because of defendant's failure to perform. *See Pettet v. Wonders,* 23 Wn. App. 795, 802, 599 P.2d 1297 (1979).

Defendant next argues that the note is not enforceable because it had been marked "void" across its face. At trial, questions of fact arose as to whether the June 13 note, the only note placed into evidence, was carried forward to the July 8 earnest money contract and whether or not the parties intended to cancel this note. Defendant asserted that Jack Wilson, a salesman for Home Realty who handled the Reid–Cramer transaction, marked the note "void" at the direction of the parties after plaintiff rejected defendant's offer of June 13.[2] The trial court, however, held contrary to defendant on this issue and specifically found that the parties intended the June 13 note to carry forward to the July 8 transaction. On appeal, findings of fact made by the trial court will be upheld if substantial evidence exists in the record to support them. *E.g., Holland v. Boeing Co.,* 90 Wn.2d 384, 390–91, 583 P.2d 621 (1978).

---

[1]The fact that the note was made payable to Home Realty instead of to plaintiff and was subsequently endorsed to plaintiff does not make the plaintiff a subsequent holder as opposed to the actual payee. Home Realty entered a listing agreement with the plaintiff–seller making Home Realty the agent of plaintiff. *E.g., Henderson v. Johnson,* 66 Wn.2d 511, 512, 403 P.2d 669 (1965); *Taylor v. Smith,* 13 Wn. App. 171, 534 P.2d 39 (1975). The listing agreement granted Home Realty express authority to accept payment of the purchase price. Therefore, as Home Realty was named payee of the note only as the agent for the plaintiff, the actual payee is the plaintiff–seller.

[2]Wilson left his employment with Home Realty in mid–August of 1975. Another employee testified that Wilson returned to the office in September while Wilbur, the owner, was on vacation. Wilson asked for and was granted access to the Reid–Cramer file. While examining the file, he commented that the papers were obsolete and was observed to write something therein.

■ We hold that substantial evidence exists to support these findings. The July 8 contract makes specific reference to an accompanying promissory note for $4,000 payable as earnest money. As the earnest money and promissory note for a transaction are to be construed together, *Green River Valley Foundation, Inc. v. Foster,* 78 Wn.2d 245, 248, 473 P.2d 844 (1970), and no other promissory note was admitted into evidence, it was proper for the trial court to hold that the June 13 note was carried forward and intended by the parties to become earnest money for the July 8 contract.

■ Likewise, we hold that defendant did not prove that the parties authorized the cancellation of the note. Parm Wilbur, the owner of Home Realty, testified that he had no knowledge of who marked the note void, that he was not directed to do so by the parties, and that none of his employees were directed to cancel the note. Further, neither plaintiff nor defendant testified that they authorized anyone to cancel the June 13 note. RCW 62A.3–605 recognizes that cancellation involves intent.[3] The cancellation of a note by mistake or without the authorization of the payee or holder is inoperative. *See Gleason v. Brown,* 129 Wash. 196, 200, 224 P. 930 (1924). Since defendant failed to show that both parties agreed to cancel the note or that they agreed to designate a third person as agent to cancel it, the defendant may not now assert that the note is without binding effect due to the unauthorized "void" marking.

■ Finally, defendant argues that the earnest money contract and promissory note are without binding effect because Mrs. Cramer did not join either transaction. RCW

---

[3]RCW 62A.3–605 states in pertinent part:

"(1) The holder of an instrument may even without consideration discharge any party

"(a) in any manner apparent on the face of the instrument or the indorsement, as by *intentionally* cancelling the instrument or the party's signature by destruction or mutilation, or by striking out the party's signature; . . ." (Italics ours.)

26.16.030(4)[4] requires the joinder of both spouses in transactions to purchase community realty. However, the joinder requirement of this action is satisfied if there is sufficient evidence of authorization or ratification of the transaction by the other spouse as these doctrines developed under the statutes in effect prior to the legislative revision of the community property laws in 1972. *Daily v. Warren,* 16 Wn. App. 726, 731, 558 P.2d 1374 (1977). H. Cross, *Equality for Spouses in Washington Community Property Law—1972 Statutory Changes,* 48 Wash. L. Rev. 527, 538–39 (1973). *See also Everest v. Levenson,* 15 Wn. App. 645, 649, 551 P.2d 159 (1976). Rather than abolishing the principles of authorization, ratification and estoppel as they apply to our community property laws, the 1972 legislation providing equality in the management of community assets extends the application of these principles to both spouses. *See* H. Cross, *supra* at 538. As such, the community is estopped to deny liability due to the failure of one spouse to join a transaction when one spouse permits the other to conduct the transaction, both have a general knowledge of the transaction and both are ready to accept the benefits which may come from it. *E.g., Sander v. Wells,* 71 Wn.2d 25, 426 P.2d 481 (1967); *Whiting v. Johnson,* 64 Wn.2d 135, 141–43, 390 P.2d 985 (1964); *Louron Indus., Inc. v. Holman,* 7 Wn. App. 834, 840, 502 P.2d 1216 (1972).

The record shows that the defendant–husband is the sole proprietor of his general contracting business, and that in the past he has purchased property in the ordinary course of business both with and without the joinder of his wife. Defendant also testified that he makes all major decisions concerning the operation of the business, and that Mrs. Cramer's role, if she has one at all, is limited to

---

[4]RCW 26.16.030(4) provides in pertinent part:

"Neither spouse shall purchase or contract to purchase community real property without the other spouse joining in the transaction of purchase or in the execution of the contract to purchase."

bookkeeping.[5] In her affidavit, Mrs. Cramer stated that she told her husband she would disaffirm the earnest money contract after he informed her that he could not develop it as planned. Thus, the record is clear that the parties authorized the defendant–husband to represent the business in past and present transactions, that Mrs. Cramer had a general knowledge of the transaction and was ready to accept the profits which would come about as a result. Her own affidavit states that she decided to disaffirm the transaction only when she discovered that it would not be profitable.

We hold that the joinder requirement of RCW 26.16.030(4) may not be used as a sword to allow the community to disaffirm contracts later found to be unprofitable, and that Mrs. Cramer is estopped to disaffirm the earnest money contract and promissory note -in these circumstances. This is in accord with the public policy which looks with disfavor upon the effort of a spouse to accept that portion of the other spouse's business decisions which rebound to his or her benefit and repudiate those which are not profitable. *See Colagrossi v. Hendrickson,* 50 Wn.2d 266, 273, 310 P.2d 1072 (1957).

The decision of the trial court enforcing the promissory note against defendant as liquidated damages for breach of the earnest money agreement is affirmed.

The note provides for reasonable attorney's fees in the event legal action is necessary to effect collection. The trial court awarded $1,000 as fees for the proceeding at that

---

[5] Also relevant here is the exception to the general joinder requirement contained in RCW 26.16.030(6). This section provides that when only one spouse participates in the management of a business whose assets are characterized as community property, this spouse may acquire, sell and encumber the business assets without the consent of the nonparticipating spouse. As this issue does not appear to have been addressed to the trial court, we make no finding on whether or not Mr. Cramer is the sole participant in the contracting business within the meaning of this statute. However, even if Mr. Cramer is found to participate in the management of the business within the meaning of RCW 26.16.030(6), something which appears doubtful from the record, she may still be estopped to repudiate the transaction by her authorization and ratification of the transaction. H. Cross, *supra* at 538-39.

level. We award the further sum of $850 for successfully responding to this appeal.

PEARSON, C.J., and PETRIE, J., concur.