GLICKSTEIN, Judge.
This is an appeal from an amended order, dismissing appellant’s cross claim with prejudice. We reverse and remand.
On September 16, 1977, Norman and Sarah Bunner purchased a new automobile from appellee/Monarch Dodge, Inc., and executed and delivered a Security Agreement — Retail Installment Contract to the dealer. On September 19, 1977, Monarch Dodge assigned the contract to appellant’s predecessor bank. Default was made in the payment of $129.69 due January 25, 1978, on the contract, by the plaintiffs who failed and refused to pay said amount or any amount thereafter due. Consequently, the bank declared the aggregate sum then remaining unpaid immediately due and payable. Thereafter, the bank repossessed the automobile and sold it pursuant to section 679.504, Florida Statutes (1977). After the sale there existed a deficiency against Plaintiffs of $2,193.79.
Plaintiffs filed an amended complaint against Monarch Dodge, Inc., Chrysler Corporation and Florida Coast Bank of Margate, appellant’s predecessor, alleging that the car was a “lemon”; that Monarch Dodge failed to correct the defects,; that Chrysler and Monarch Dodge breached express and implied warranties and a certain warranty under 15 U.S.C. § 2301 ét seq. (Magnuson-Moss Warranty — Federal Trade Commission Improvement Act); and that Florida Coast Bank of Margate was a proper party for any defenses against Monarch Dodge.
Appellant/bank was subsequently permitted to file a cross claim for indemnification against Monarch Dodge. The dealer’s motion to dismiss cross claim was granted, with leave to the bank to refile. Thereafter, the bank filed its amended cross claim against the dealer, alleging in essence Monarch Dodge had breached and defaulted in the terms and conditions of the contract assigned to the predecessor bank in that the dealer had failed to promptly resolve all claims or defenses asserted by the plaintiffs *609 which the plaintiffs may or could assert against the dealer.
Again, Monarch Dodge filed a motion to dismiss amended cross claim which the trial court granted, with prejudice.
The assignment provided:
For value received, the within Contract and the property therein described, and all right, title interest of the undersigned are hereby sold, assigned and transferred to FLORIDA COAST BANK OF MAR-GATE its successors and assigns without recourse. Notwithstanding that this assignment is without recourse, the undersigned Dealer agrees to promptly resolve all claims or defenses asserted by the buyer which the buyer may or could assert against the Dealer and further agrees to indemnify the holder against any and all loss, cost and expense, including attorneys’ fees, which the holder may incur because of any such claims or defenses. The undersigned hereby covenants that the numbers and marks of identification recited in the Contract are correct, that there is no security interest or lien on the property and that the cash down payment or trade-in was received.
Appellee was apparently able to convince the trial court that the use of the words “without recourse” eliminated — because of semantic construction or other reason — all of the qualifying language that follows such phrase in the assignment.
The governing principle is contained in Orlando Sports Stadium, Inc. v. State ex rel. Powell, 262 So.2d 881, 883 (Fla.1972):
For the purposes of the motion to dismiss for failure to state a cause of action, allegations of the complaint are assumed to be true and all reasonable inferences are allowed in favor of the plaintiffs’ case. Popwell v. Abel, 226 So.2d 418 (Fla.App. 4th, 1969); Russell v. Community Blood Bank, Inc., 185 So.2d 749 (Fla.App. 2d, 1966); Simon v. Tampa Electric Company, 202 So.2d 209 (Fla.App. 2d, 1967).
While the term, “without recourse,” does not appear in any definitional statute, section 673.414(1), Florida Statutes (1977) provided:
(1) Unless the indorsement otherwise specifies (as by such words as “without recourse”) every indorser engages that upon dishonor and any necessary notice of dishonor and protest he will pay the instrument according to its tenor at the time of his indorsement to the holder or to any subsequent indorser who takes it up, even though the indorser who takes it up was not obligated to do so.
The assignment could therefore have reasonably been construed, for the purpose of considering appellee’s motion to dismiss, that while the dealer was not going to be responsible to the bank for any default on the part of the plaintiffs in making payments required by the security agreement, nevertheless it had those obligations which were recited in the assignment’s subsequent language. Accordingly, it was error to grant the motion.
ANSTEAD and WALDEN, JJ., concur.