GLICKSTEIN, Judge.
This is an appeal from an order, granting with prejudice two defendants’ motion to dismiss plaintiffs’ third amended complaint as to them, and from a subsequent order which denied rehearing as well as plaintiffs’ attempt to obtain leave to file a fourth amended complaint.
We reverse the order dismissing the third amended complaint and remand for further proceedings. As we recently said in Florida Coast Bank of Broward County v. Monarch Dodge, Inc., 430 So.2d 607, 609 (Fla. 4th DCA 1983):
The governing principle is contained in Orlando Sports Stadium, Inc. v. State ex rel. Powell, 262 So.2d 881, 883 (Fla.1972):
For the purposes of the motion to dismiss for failure to state a cause of action, allegations of the complaint are assumed to be true and all reasonable inferences are allowed in favor of the plaintiffs’ case. Popwell v. Abel, 226 So.2d 418 (Fla.App. 4th, 1969); Russell v. Community Blood Bank, Inc., 185 So.2d 749 (Fla.App. 2d, 1966); Simon v. Tampa Electric Company, 202 So.2d 209 (Fla.App. 2d, 1967).
Applying the foregoing principle to the present case, we have an inartfully drawn pleading that wanders about the facts with varying degrees of specificity and generality. Nevertheless, when one finally threads the moving needle, it can reasonably be inferred that these defendants misrepresented to the plaintiffs that there was no problem with the operation of the Texaco service station subleased by them in 1980 to the remaining defendant, who, in turn, sublet or assigned his interest to the plaintiff corporation in 1981 with these defendants’ written consent and approval. The relevant document executed in 1980 between the original parties expressly refers to operation of the service station as a Texaco station and contains a representation that the monthly allocation of gasoline and diesel fuel for the premises was 68,000 gallons per month — plainly inferring an existing contractual relationship. These defendants confirmed to the plaintiffs in writing that the original sublease was in good standing, thus reaffirming the inference of a contractual relationship with Texaco. By representing there were no problems with the operation, these defendants by inference were representing that no problem existed as to the plaintiff corporation continuing the existing contractual relationship with Texaco by which that supplier’s products would be available to the new operator. In fact, as alleged by the third amended complaint, there was no valid agreement with *366 Texaco which could have been legally assigned to the plaintiff corporation — thus no regularly available products and an obvious operational problem.
When one considers all of the circumstances, these defendants’ representations appear to be affirmative and intentional, not just a “mere” failure to disclose a fact. Accordingly, we disagree with the trial court’s reliance upon the claimed absence of privity between the plaintiffs and these defendants and with the apparent basing of its order upon the principle that privity was required, because only failure to disclose a fact was involved. See Restatement (Second) of Torts § 551 (1977). Assuming judges, lawyers and business persons are all afloat on the same sea of commerce, it does not violate judicial precedent to require a common standard of candor and straightforward dealing among all in the boat.
The order dismissing the third amended complaint is reversed and the cause is remanded for further proceedings including a further amendment to the complaint if the trial court deems it appropriate.
DOWNEY and BERANEK, JJ., concur.