**OHIO CASUALTY INSURANCE COM-PANY, an Ohio corporation, Plaintiff–Appellee,**

v.

**Edward M. YAKLICH, Defendant–Appellant.**

**No. 87CA1112.**

Colorado Court of Appeals, Div. V.

Jan. 19, 1989.

Stuart & Gerler, P.C., James R. Gerler, Pueblo, for plaintiff-appellee.

Ronald E. Yaklich, Pueblo, for defendant-appellant.

JONES, Judge.

In this action on a promissory note, defendant, Edward M. Yaklich (Yaklich), appeals the judgment of the trial court entered in favor of the plaintiff, Ohio Casualty Insurance Company (Ohio Casualty), in the sum of $16,000, plus interest of $14,607 and costs. We affirm.

In September 1979, one Richard West (West) was indebted to Midtown National Bank (Bank) up to his maximum allowable credit limit. Because West could not borrow additional funds from the Bank, which funds he needed to satisfy a settlement of a civil case, Yaklich borrowed $16,000 from the Bank for West and executed a promissory note payable to the Bank in that amount. Yaklich acknowledged at trial that he was the obligor on the note, and that no security was given for the loan. The due date of the note was twice extended by agreements signed by Yaklich.

Yaklich made no payments on the note. However, in September 1980, the note was stamped "Paid" by J. Roger Vergo (Vergo), then president of the Bank, and the note was surrendered to West, who delivered it to Yaklich. Vergo's actions in this regard were done in connection with an extensive fraud scheme being perpetrated by him.

As a result of its many problems, the Bank was liquidated by the Federal Deposit Insurance Corporation (FDIC). FDIC made demand upon Ohio Casualty for payment of the note.

Ohio Casualty had issued its bond covering the Bank for the misdeeds of its officers and employees, including Vergo. Under the provisions of the bond, Ohio Casualty paid to FDIC the amount due on Yaklich's note, and received an assignment of the right to attempt collection on the note. Yaklich failed to pay the note, whereupon this action was filed.

■ Yaklich first contends that the trial court erred in refusing to apply § 4–3–603, C.R.S. We disagree.

Section 4–3–603 is not applicable to this case. That section relates to the discharge of a party by the making of payment or the giving of other satisfaction for his obligation on the instrument. It has as its purpose to protect a party from double liability after that party has paid the holder the full amount of the paper. *See Schranz v. I.L. Grossman, Inc.,* 90 Ill.App.3d 507, 45 Ill.Dec. 654, 412 N.E.2d 1378 (1980).

Here, however, Yaklich admittedly did not make any payments on his note, and therefore, § 4–3–603 is inapplicable.

We also disagree with Yaklich's contention that the trial court erred in not applying § 4–3–605, C.R.S., which provides for discharge if the holder, by any means, cancels the instrument.

The trial court found that Yaklich's liability was not discharged under § 4–3–605, notwithstanding the fact that the note was stamped "Paid" and returned to Yaklich, because the act of Vergo in taking such illegal action was clearly beyond his authority and is not binding on the Bank.

Section 4–3–605(1), C.R.S., provides:

"The holder of an instrument may even without consideration discharge any party:

(a) In any manner apparent on the face of the instrument or the endorsement, as by intentionally canceling the instrument or the party's signature by destruction or mutilation, or by striking out the party's signature; or

(b) By renouncing his rights by a writing signed and delivered or by surrender of the instrument by the party to be discharged."

■ Despite the language of § 4–3–605, a cancellation or renunciation has no effect when made by a person without authority from the holder. *Reid v. Cramer,* 24 Wash.App. 742, 603 P.2d 851 (1979). The same is true if cancellation or renunciation is made unintentionally or by mistake. *First Galesburg National Bank & Trust v. Martin,* 58 Ill.App.3d 113, 15 Ill.Dec. 603, 373 N.E.2d 1075 (1978); *Gibraltar Savings Ass'n v. Watson,* 624 S.W. 2d 650 (Tex.App.1981).

Moreover, a cancellation induced through fraud does not act to discharge the parties. *In re Grove,* 73 B.R. 590 (Bankr.D.Minn. 1987); *see also First National Bank v. Blackhurst,* 345 S.E.2d 567 (W.Va.1986) (note renewed by use of forged signature of original maker).

We agree with the trial court that, inasmuch as the note had not been paid, Vergo

was without authority to indicate otherwise or to surrender it to Yaklich. *See Rogers v. First State Bank*, 79 Colo. 84, 243 P. 637 (1926); *Linger v. Rocky Mountain Bank & Trust Co.*, 29 Colo.App. 334, 486 P.2d 29 (1971).

Yaklich's reliance on *First National Bank v. Wich*, 62 Colo. 119, 160 P. 1036 (1916) is misplaced. In that case, the bank's cashier signed a memorandum which promised to deliver shares of capital stock to a borrower in exchange for the borrower's note in the amount of $570, payable to the bank. The cashier failed to secure the stock so that the borrower received no consideration for the note. That case is distinguishable from the present case in that there the cashier acted to benefit the bank, not himself. Here, Yaklich received consideration for the note, and Vergo's acts were for his own benefit, and to the detriment of the bank, and also defrauded third-party customers of the bank.

The judgment is affirmed.

PLANK and NEY, JJ., concur.