767 P.2d 352

**LOS ALAMOS CREDIT UNION,**
Plaintiff–Appellee,

v.

**Stuart BOWLING, et ux.,**
Defendants–Appellants.

**No. 17613.**

Supreme Court of New Mexico.

Jan. 24, 1989.

Berardinelli & Martinez, David J. Berardinelli, Santa Fe, for defendants-appellants.

Montgomery & Andrews, James R. Jurgens, Santa Fe, for plaintiff-appellee.

**OPINION**

SCARBOROUGH, Justice.

Defendants-appellants, Stuart and Patricia Bowling (Bowlings), appeal the order of summary judgment in favor of plaintiff-appellee, the Los Alamos Credit Union (Credit Union) reinstating a $65,000 residential mortgage and note. We affirm.

Affidavits and supporting documents filed with Credit Union's motion for summary judgment alleged the following facts which were not disputed by the Bowlings in their response to the motion. Uncontroverted facts must be taken as true in support of a motion for summary judgment. *State ex rel. Bardacke v. New Mexico Fed. Sav. & Loan Ass'n,* 102 N.M. 673, 699 P.2d 604 (1985). The Bowlings borrowed $65,000 cash from Los Alamos Credit Union on September 9, 1985, and executed a promissory note and residential first mortgage as security. Payments on the note were to be made pursuant to preauthorized automatic deductions from the Bowlings' account at the Credit Union. Through clerical error involving the transfer of the payment record to another account at the Credit Union at the Bowlings' request, on September 13, 1985, an employee marked the original note and mortgage "Paid." On April 23, 1986, the assistant treasurer, acting under the mistaken belief that the Bowlings had paid the note, executed a release of mortgage and forwarded the original note, mortgage and release documents to the Bowlings. The Bowlings promptly recorded the release a week later. Credit Union discovered its error the following month when the Bowlings failed to make the May 1986 payment. Credit Union then contacted the Bowlings, advised them of the error, and requested that the note be reaffirmed and the mortgage reinstated. However, the Bowlings refused and made no further payments toward the outstanding balance of approximately $64,511.

Credit Union re-recorded the original mortgage on June 5, 1986 and a foreclosure suit followed. In their response to Credit Union's motion for summary judgment the Bowlings attached a copy of the release of mortgage and averred that a lending institution cannot avoid a release properly executed and unambiguous on its face. Upon these facts there was no error in granting Credit Union's motion for summary judgment.

Section 55–3–605 of the New Mexico Commercial code provides that a "holder of an instrument may even without consideration discharge any party * * * by intentionally cancelling the instrument * * * by renouncing his rights by a writing signed and delivered or by surrender of the instrument to the party to be discharged." NMSA

1978, § 55–3–605. However, a cancellation, release, or surrender of the instrument is ineffective if it is unauthorized, unintentional, or done by mistake. *See, e.g., Guaranty Bank & Trust Co. v. Dowling,* 4 Conn.App. 376, 494 A.2d 1216 (1985); *Richardson v. First Nat'l Bank of Louisville,* 660 S.W.2d 678 (Ky.Ct.App.1983); *First Galesburg Nat'l Bank & Trust Co. v. Martin,* 58 Ill.App.3d 113, 15 Ill.Dec. 603, 373 N.E.2d 1075 (1978); *Reid v. Cramer,* 24 Wash.App. 742, 603 P.2d 851 (1979).

There is no dispute that through clerical error the Bowlings' original account was closed without the outstanding balance due on the note being transferred to the Bowlings' second account. Credit Union's employees, by affidavit, stated that they would not have marked the original note and mortgage "Paid," executed a release and then surrendered these documents to the Bowlings if they had known that the note, in fact, remained unpaid. Once Credit Union filed these affidavits stating that the cancellation of the obligation was due to clerical error and that the note remained unpaid, it was incumbent upon the Bowlings to dispute these statements. This

they did not do. Consequently, there was no genuine issue concerning the existence of the obligation. We conclude that the instrument was cancelled by mistake and unintentionally discharged. Therefore, Credit Union was entitled to summary judgment as a matter of law. While the mistaken discharge may be attributable to Credit Union's negligence, that fact does not permit the Bowlings to retain a gratuitous benefit to which they are not entitled.

The order of the district court, including the award of costs and attorney fees totaling $7,350.44, is affirmed. This cause is remanded for an award of costs and attorney fees on appeal to Credit Union pursuant to the terms of the promissory note.

IT IS SO ORDERED.

STOWERS, and BACA, JJ., concur.